# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

CHASE HOME FINANCE, LLC,

                  Plaintiff,

   v.

CAROL A. ACOCELLA (*aka* CAROL ANN
ACOCELLA),

                  Defendant.

Civil Action No.
3:21-cv-1676 (CSH)

**DECEMBER 21,  2021**

---

**REMAND ORDER**
**(Clarifying the Court's Denial [Doc. 7] of Acocella's Motions**
**for an Immediate Injunction and an Expedited Hearing [Doc. 2])**

**Haight, Senior District Judge:**

## I.  BACKGROUND

Following its denial of the removing party Carol Acocella's motions for an immediate

injunction and an expedited hearing [Doc. 2], the Court issues this Order to explain the reasons  it

declined to grant the requested injunctive relief.  Specifically, the Court denied the request to prevent

Chase Home Finance, LLC and/or its counsel from attending the remote hearing scheduled by the

Connecticut Superior Court for December 20, 2021,  in *Chase Home Finance, LLC v. Acocella,* Case

No. DBD-CV10-6004316-S, because the removal was untimely and the Court lacks subject matter

jurisdiction over a state court action that is not removable.[1]

---

[1] In denying Acocella's expedited motions, the Court labeled her as the self-styled "Plaintiff"
because before this action was electronically docketed, she listed herself as the Plaintiff on the papers
(the Complaint form and both motions).  However, to be clear, she is actually the Defendant in the
state court action who has attempted to remove the case to this Court.  Given the procedural posture
of this case, the Court will refer to her as the "removing party."

At the outset, the Court notes that Acocella is proceeding *pro se*, which requires the Court to construe her complaint liberally and interpret it to to raise the strongest arguments that it suggests. *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir.2013).  However, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Braun v. United Recovery Sys., LP*, 14 F. Supp. 3d 159, 164 (S.D.N.Y. 2014) (quoting *Bell v. Jendell*, 980 F.Supp.2d 555, 559 (S.D.N.Y. Oct. 31, 2013)).  *See also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 605 (2d Cir.2008) ("[*P*]*ro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") (citation and internal quotation marks omitted)).

With respect to removals, the Second Circuit has noted that "[a] case is removable when the initial pleading enables the defendant to 'intelligently ascertain' removability from the face of such pleading...." *Whitaker v. Am. Telecasting, Inc.,* 261 F.3d 196, 205-06 (2d Cir. 2001) (internal citation omitted).  "A pleading enables a defendant to intelligently ascertain removability when it provides the necessary facts to support [the] removal petition. . . . While this standard requires a defendant to apply a reasonable amount of intelligence in  ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." *Id.* at 206 (citations and internal quotation marks omitted).

On the face of the state court complaint, one discerns that the action arises under state foreclosure law in which Chase Home Finance, LLC sought foreclosure of a property located at 381 Bennetts Farm Road, Ridgefield, Connecticut, due to Acocella's default on a loan secured by that property. After commencement of that action, Acocella filed bankruptcy, did not contest the amounts due, obtained a discharge, and surrendered her property.  Thereafter, JP Morgan Chase Bank ("JP

2

Morgan") was substituted for Chase Home Finance ("Chase") as Plaintiff because the mortgage note

and the action had been assigned to JP Morgan. Thereafter, Acocella moved to open the bankruptcy

proceeding, claiming predatory lending and arguing that the loan application she executed for the

issuance of the relevant loan contained false information concerning her income at the time she

obtained the loan. The trial court granted Acocella's motion to open the case so that the bankruptcy

court could determine the property's status as an asset of the estate. The bankruptcy court held that

the predatory lending claim was an asset of the bankruptcy estate so that Acocella should be

judicially estopped from raising that claim.

In April 2020, JP Morgan moved for summary judgment and moved to dismiss Acocella's

special defenses of predatory lending. Docket Entry Nos. 224.00 and 225.00. The trial court granted

both motions. Docket Entry No. 224.03. As the case appeared to be "on the eve of proceeding back

to judgment, [Acocella] . . . moved to dismiss the action" based on a challenge to standing due to

transfer of the interest of the loan to a new entity. Docket Entry No. 240. The trial court denied that

motion, rejecting the notion that it lacked subject matter jurisdiction. Docket Entry No. 242.04. The

trial court thereafter set the date of December 20, 2021, for a remote hearing on JP Morgan's motion

for judgment-strict foreclosure. Upon receiving notice of that hearing, Acocella filed the present

action in this Court, framing it as a removal from state court on the basis of a federal question, 28

U.S.C. § 1331, and seeking injunctive relief to prevent the December 20 state court hearing.

## II. DISCUSSION

### A. Untimeliness of Removal

Pursuant to 28 U.S.C. § 1446(a), a defendant who seeks to remove an action to federal court

must file a notice of removal "containing a short and plain statement of the grounds for removal."

Such "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b).

> As the Second Circuit explained:
>
> This thirty-day clock only begins to run "when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that ... the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (internal quotation marks and alterations omitted).

*Wade v. Burns*, 803 F. App'x 433, 435 (2d Cir. 2020). Moreover, "[a]lthough defects in removal are procedural, rather than jurisdictional, the statutory time limit is mandatory ... [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Nat'l Waste Assocs., LLC v. TD Bank, N.A.*, 2010 U.S. Dist. LEXIS 46730, at *8–9, 2010 WL 1931031 (D.Conn. May 12, 2010) (citations and internal quotation marks omitted).

In the case at bar, Acocella has attempted to remove the state foreclosure action to this Court more than eleven years after the filing of the summons and complaint in state court (8/25/2010) and more than eight years after she appeared in that action (5/23/2013).  She has had approximately a decade to ascertain the removability of this action and has allowed the removal deadline to expire years ago.  Because her removal is untimely under § 1446(b), the appropriate action for this Court is to remand the case to state court so that proceedings may continue there. *See, e.g.*, *BNY W. Tr. v. Roman*, No. 3:11-CV-274 CSH, 2011 WL 2461899, at *2 n.2 (D. Conn. June 20, 2011).

4

**2. Lack of Subject Matter Jurisdiction**

Even if Acocella had removed this action in a timely manner, this Court lacks subject matter jurisdiction. First, there is no basis for "federal question" subject matter jurisdiction under 28 U.S.C. § 1331. Specifically, the state court complaint contains no claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The action includes solely a foreclosure claim under Title 49 of the Connecticut General Statutes (captioned "Mortgages and Liens").

To the extent that Acocella now attempts to add constitutional claims under the "Fourth, Fifth, Seventh, and Fourteenth Amendments," Doc. 1. at 5, her effort to introduce them into the litigation by filing a "Notice of Removal" based upon these claims "violates the well-pleaded complaint rule, which 'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *BNY W. Tr.*, 2011 WL 2461899, at *2 (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Upon examination of the controlling complaint filed in state court, one finds no federal question – no claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Therefore, this Court lacks federal question jurisdiction.[2] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c).

---

[2] Furthermore, Plaintiff makes no claim that there is "diversity of citizenship" in this action under 28 U.S.C. § 1332(a). The Court notes, however, that she has listed her home address as Fairfield, Connecticut, and has attempted to add four individuals to the action whom she indicated have addresses in Danbury and/or Hartford, Connecticut. The addition of these perhaps Connecticut-domiciled parties to the action has not been reviewed or authorized by the Court. However, were Plaintiff allowed to add them and indicate that Connecticut is also her state of citizenship, there would be no "diversity of citizenship." For diversity to exist, "[i]t is elementary that all of the plaintiffs must be of citizenship diverse to that of all of the defendants." *John Birch Soc. v. Nat'l Broad. Co.*, 377 F.2d 194, 197 (2d Cir. 1967) (quoting Hart & Wechsler, *The Federal Courts and the Federal System* 901 (1953)).

**3.** *Rooker-Feldman* **Doctrine**

Finally, even if the present removal had been timely and the Court had subject matter jurisdiction over the case, the Court would not be permitted to review the state court decisions. The *Rooker–Feldman* doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights . . . ."[3] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

In the removal context, state claims removed to federal court are the same as those originating in the state action. The relevant consideration then becomes "whether the state judgment precedes a federal judgment on the same claims." *Exxon Mobil*, 544 U.S. at 290 (citation omitted).

In the case at bar, Acocella attempts to remove the state foreclosure action in the Connecticut Superior Court, Danbury, to this Court based on alleged constitutional violations stemming from the state court's rulings against her on summary judgment and motions to dismiss. Where, for example, the removed case "concerns allegations of various civil and constitutional rights violations but essentially amounts to an objection to the disposition of the foreclosure action by [the state court]," the *Rooker-Feldman* doctrine "bars district courts from adjudicating [such] claims." *Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005). These claims are "inextricably

---

[3] "There are 'four requirements for the application of *Rooker–Feldman*': (1) the federal-court plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by a state court judgment;' (3) the plaintiff 'invite[s] . . . review and rejection of that judgment;' and (4) the state judgment was 'rendered before the district court proceedings commenced.'" *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423 (2d Cir. 2014) (quoting *Hoblock v. Albany Cnty. Bd. of Elecs.*, 422 F.3d 77, 85 (2d Cir.2005)).

intertwined" with state court determinations—claims that assert "injur[ies] based on a state judgment and seek[ ] review and reversal of that judgment." *Id.*

Under the present circumstances, for this Court to undertake review of state court rulings would violate the *Rooker-Feldman* doctrine. Normally, the Court would dismiss an action which violates the *Rooker-Feldman* doctrine for lack of subject matter jurisdiction. Where, however, state claims have been removed to federal court, it is appropriate to remand them to state court. *See* 28 U.S.C. § 1447(c) (When a case has been removed from state court to federal court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Swiatkowski*, 160 F. App'x at 32 (A district court "correctly h[olds]" that a party may not remove its case to federal court when that party seeks "impermissible review of a state court decision by an inferior federal court.")*; Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("[T] o the extent the barred fraud claims originated in Vossbrinck's state-court complaint, the district court's judgment dismissing the claims should be vacated and those claims remanded to state court.").

## III.  CONCLUSION

Defendant Carol Acocella is understandably distressed by the prospect of losing her home to foreclosure. This Court sympathizes with that distress. However, federal district courts are courts of limited jurisdiction. For a case to be considered by a federal district court, the case must arise directly from the Constitution or laws of the United States, or be an action between citizens of different States. This case does not fall within either category. In contrast, state courts are courts of general jurisdiction. They consider an unlimited body of cases, including the sort of real property foreclosure action that is currently pending with respect to Acocella's home in Ridgefield,

Connecticut.

For the reasons stated in this Order, this federal district court is not able to exercise subject matter jurisdiction in this case. This Court is also not authorized to disturb the judgments of the state court. The case must be remanded to the state court, which has the authority to consider all claims and objections asserted by Ms. Acocella.

For all of the foregoing reasons, the case is REMANDED to state court for further proceedings. The parties are advised that "Section 1447(d) bars appellate review of the remand order in this case." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995). "As noted," in general, "§ 1447(d) precludes appellate review of any order 'remanding a case to the State court from which it was removed.'" *Id.* (quoting 28 U.S.C. §1447(d)).

The Clerk is directed to remand the case to the Connecticut Superior Court, Judicial District of Danbury at Danbury, Docket No. DBD-CV10-6004316-S, and to close the case in this Court.

It is SO ORDERED.

Dated:   New Haven, Connecticut
             December 21, 2021


                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge